IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DUSTIN TROSPER,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**ERIC ADAMSON,** *et al.*,<br><br>    **Defendants.** | Case No. 22-cv-00552-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  This matter is before the Court for case management purposes. It has come to the Court's attention that Plaintiff was not incarcerated at the time of filing this case; neither is he proceeding *in forma pauperis* pursuant to Section 1915(a)(1). Thus, the Court conducted a preliminary review of the Complaint pursuant to Section 1915A and dismissed claims and Defendants in error. *See Weinschenk v. Central Intelligence Agency*, 818 F. App'x 557, 558 (7th Cir. Aug. 27, 2020) ("[W]hen the plaintiff is not proceeding in forma pauperis, only frivolousness can justify the *sua sponte* dismissal without giving notice and the opportunity to response."). The Merit Review Order at Doc. 9 is therefore **VACATED** and **STRICKEN**. Plaintiff is proceeding in this case with all claims as written in the Complaint. The Clerk of Court is **DIRECTED** to reinstate Defendants Goins, Wilkerson, and John Doe 1 as parties on the docket.

  Because of the need to protect from public disclosure the home and work addresses of current and former correctional staff, the Court elects to conduct service on the Defendants who have yet to be served on Plaintiff's behalf. *See Sellers v. U.S.* 902 F. 2d 598, 602 (7th Cir. 1990); *Richardson v. Johnson*, 598 F. 3d 734, 739 (11th Cir. 2010). The Clerk of Court **SHALL** prepare for Wilkerson, Goins, and the John and Jane Does (once identified) the following: (1) Form 5

(Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants Adamson, Brookhart, McCaslin, Dixon, and McCormick, who have already been served and entered an appearance in this case, have **30 days from the entry of this Order to file a responsive pleading to the Complaint.** The remaining Defendants shall file a responsive pleading in accordance with the Federal Rules of Civil Procedure once served. Defendants shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS SO ORDERED.**

**DATED:   June 6, 2022**

                                       _s/Stephen P. McGlynn_
                                       **STEPHEN P. MCGLYNN**
                                       **United States District Judge**