IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DUSTIN TROSPER,** | |
| **Plaintiff,** | |
| v. | Case No. 20-cv-00552-SPM |
| **ERIC ADAMSON,** *et. al*, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to dismiss and for a more definite statement filed by Defendant Goins. (Doc. 42). For the reasons set forth below, the motion is granted in part and denied in part.

### MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT

Plaintiff Dustin Trosper filed his Complaint pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while incarcerated at Lawrence Correctional Center. (Doc. 1). Trosper alleges that he was denied adequate shelter by Defendants, who housed him in a cell with a broken window, exposing him to extreme temperatures and precipitation for several months.

Defendant Russel Goins has filed a motion pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) asking the Court to dismiss the claim against him for injunctive relief and order Trosper to provide a more definite statement as to how he personally participated in any deprivation of Trosper's constitutional rights. (Doc. 42). Goins states that the only allegations against in the Complaint are as follows:

> Defendant Russell Goins is employed as Warden with Lawrence Correctional Center, 10940 Lawrence Road, Sumner, IL 62466. At the time, this defendant WAS employed by the government by Illinois Department of Corrections. The Defendant PERSONALLY PARTICIPATED in causing my injury, and I want money

    damages. The policy or custom of this official's government agency violates my rights, and I seek INJUNCTIVE RELIEF.

(*Id.* at p. 42; Doc. 1, p. 4). Goins argues that Trosper does not state any facts which would even imply personal involvement in causing injury. Further, Trosper does not allege how Goins was aware of the conditions of the cell or the events that caused him injury. Goins asks for the Court to order Trosper to amend the allegations or file a more definite statement as to how he personally participated in any deprivation of Trosper's constitutional rights.

    Goins also argues that the claims for injunctive relief should be dismissed because Trosper is no longer incarcerated and there is no indication that he will be returning to Lawrence Correctional Center, where the alleged constitutional violations occurred. Trosper did not file a response to the motion.

## ANALYSIS

    Motions for a more definite statement are governed by Rule 12(e) of the Federal Rules of Civil Procedure, which provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading." FED. R. CIV. P. 12(e). These motions are appropriate when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Seung-Whan Choi v. Bd. of Tr. of Univ. of Ill.*, No. 16 C 11627, 2017 WL 3278823, at *6 (N.D. Ill. Aug. 2, 2017). "Rule 12(e) is designed to strike at unintelligibility rather than want of detail." *Id.* (internal citations omitted).

    "Motion under 12(e) are disfavored generally," *Rivera v. Lake Cty.*, 974 F. Supp. 2d 1179, 1195 (N.D. Ill. 2013), and "[w]here the complaint is specific enough to apprise the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable

through discovery, a motion for a more definite statement should be denied." *Sanchez v. City of Fresno,* 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012); *see also E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007) ("Most details are more efficiently learned through the flexible discovery process."); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving."). Moreover, a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted).

Trosper's allegations may not state a claim upon which relief can be granted, but they are not "so vague or ambiguous" that Defendant Goins cannot reasonably prepare a response. In addition to generally stating that Goins participated in causing his injury on page 4 of the Complaint, Trosper describes Goins as the Warden of Lawrence, "responsible for reviewing all administrative decisions and the safety of inmates." (Doc. 1, p. 8). In the section of the Complaint titled "Claims for Relief" Trosper states:

> The failure of defendant Russell Goins to adequately provide shelter from the elements to the inmates in his custody in allowing broken windows to persist throughout his prison, by allowing a system of work orders that failed to remedy a situation, and in failing to provide his employees with the proper training to recognize when an inmate should be moved and to make the proper decisions to initiate that to occur, constitutes negligence and deliberate indifference in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

(*Id.* at p. 11-12). Construing the Complaint liberally, the allegations are answerable. Defendant Goins is not confused by the Complaint but seeks more detail regarding his personal involvement. In essence, he is challenging the sufficiency of the Complaint, which is an improper use of Rule 12(e). Accordingly, to the extent Defendant Goins seeks a more definitive statement, the motion is **DENIED.**

The Court grants Defendant Goins's request to dismiss the request for injunctive relief pursuant to Rule 12(b)(6). The Court agrees that Trosper is no longer entitled to injunctive relief in this case. It is well established that once a prisoner is transferred from the facility where the alleged constitutional violations occurred or is released from custody, "his request for injunctive relief against officials of the first prison is moot." *Manges v. Harman*, 2012 WL 3044261, at *2 (N.D. Ind. July 24, 2012) (citations omitted). *See also Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *Easterling v. Pollard,* 528 F. App'x 653, 656 (7th Cir. 2013). Trosper is no longer incarcerated and does not dispute that his request for injunctive relief is moot. Thus, the Court **GRANTS** the request to dismiss the claims for injunctive relief pursuant to Rule 12(b)(6).

### DISPOSITION

For the reasons stated above, the Motion to Dismiss and For More Definite Statement is **GRANTED in part** and **DENIED in part.** (Doc. 42). The claims for injunctive relief are **DISMISSED as moot.**

IT IS SO ORDERED.

DATED:   January 30, 2023

 _s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**